UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPL SHIPPING LTD.,<br><br>                                   Plaintiff,<br><br>        -v-<br><br>GUJARAT CHEMINEX LTD., BLUE LINE<br>CHEMICALS, MONTE BLUE INTERNATIONAL,<br>AND NIRMA LTD.,<br><br>                                   Defendants. | Case No. 06-CV-15375 (KMK)<br><br>OPINION & ORDER |

Appearances:

Owen Francis Duffy, III, Esq.
Chalos, O'Connor & Duffy
Port Washington, NY
*Counsel for Plaintiff*

Francis H. McNamara, Esq.
Cardillo & Corbett
New York, NY
*Counsel for Defendant Nirma Ltd.*

KENNETH M. KARAS, District Judge:

        In a prior Opinion & Order, this Court denied Defendant Nirma Ltd.'s ("Nirma") motion

to vacate an order of maritime attachment obtained by Plaintiff SPL Shipping Ltd. and to dismiss

the Complaint.  Now, Nirma petitions this Court for certification of an immediate appeal of that

decision pursuant to 28 U.S.C. § 1292(b).  For the following reasons, Nirma's Motion for

Certification of an Immediate Appeal is DENIED.

        The Court assumes that the Parties are familiar with the underlying facts and repeats only

what is necessary to decide this Motion.

On March 15, 2007, this Court issued an Opinion & Order denying Nirma's motion for vacatur of the Attachment obtained by Plaintiff. *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06 Civ. 15375, 2007 WL 831810, at *4 (S.D.N.Y. Mar. 15, 2007).  On March 19, 2007, by way of letter, Nirma requested that the Court amend its March 15, 2007 Opinion & Order to include a certification of immediate appeal pursuant to 28 U.S.C. § 1292(b).  (Francis H. McNamara Letter to the Court, Mar. 19, 2007.)  Nirma seeks appellate review of this Court's decision in the March 15, 2007 Order to "'look only to Plaintiff's pleadings, and not to any evidence submitted by the parties [sic], to determine whether Plaintiff has made a legally sufficient claim for piercing the corporate veil.'"  (*Id.*)

Section 1292(b) provides that a district court may certify an immediate appeal of an interlocutory order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met."  *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the authority to deny certification, even where the three statutory criteria are met, is "independent" and "unreviewable"); *cf. Williston v. Eggleston*, 410 F. Supp. 2d 274, 276-77 (S.D.N.Y. 2006) (citing, *inter alia*, 19 James Wm. Moore et al., *Moore's Federal Practice* ¶ 203.31[1] (3d ed. 1999) ("[I]n practice the courts treat the statutory criteria as a unitary requirement, and the decisions granting and discussing interlocutory appeals under 28 U.S.C. § 1292(b) uniformly cite all three of the elements as being present in any particular case.")).

2

Even if this Court certifies an interlocutory appeal, the Court of Appeals may decline to hear the appeal. *See* 28 U.S.C. § 1292(b); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) ("The appellate court may deny the [interlocutory] appeal for any reason, including docket congestion." (footnote omitted)); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 81 (2d Cir. 2002) ("Upon entry of . . . an order [certifying interlocutory appeal], the court of appeals has the discretion to accept or decline jurisdiction."). The Second Circuit has explained that "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers*, 437 U.S. at 475); *see also* 28 U.S.C. § 1291. Indeed, the Court of Appeals has consistently emphasized that a district court is to "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992); *see also Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (noting that "the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law") (quoting *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959) (internal quotation marks omitted and alterations in original)).

First, the Court must decide whether there is a controlling question of law. A question of law is "controlling" if "reversal of the district court's order would terminate the action." *Klinghoffer,* 921 F.2d at 24. Plaintiff argues that Nirma has not presented a controlling question of law, because it is not clear that Nirma would prevail if the appellate court adopted the "reasonable grounds" standard Nirma prefers over the prima facie standard used by this Court. Although the reasonable grounds standard presents a higher hurdle for Plaintiff to overcome, it is not clear that vacatur of the Attachment is compelled under the reasonable grounds standard.

Plaintiff's allegations that Nirma made payments on behalf of Gujarat to third parties, that Nirma's and Gujarat's corporate form has been disregarded, and that Nirma has "dominated and used" Gujarat "for their [sic] own purposes such that there is no meaningful difference between the three entities and there has been an intermingling of funds between the several entities" may prove to meet the reasonable grounds standard. *SPL Shipping Ltd.*, 2007 WL 831810, at *4. Therefore, the legal issue Nirma seeks to appeal is not controlling in the sense that if the Court of Appeals favored the reasonable grounds standard, it would not affect the outcome of this action nor terminate the case.

The second prong of the analysis asks whether there is "substantial ground for difference of opinion" on the legal question presented. 28 U.S.C. § 1292(b). Excluding the Opinion that is the subject of this case, three courts in this District have held that the Second Circuit's decision in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006), dictates that lower courts are to apply the prima facie standard when considering vacatur motions pursuant to Fed. R. Civ. P. Supp. R. E(4)(f). *See Secil Martima U.E.E. v. Malev Shipping, et al.*, No. 06 Civ. 6345 (S.D.N.Y. Oct. 10, 2006) (transcript of Rule E(4)(f) hearing denying vacatur motion); *Route Holding Inc. v. Int'l Oil Overseas Inc.*, No. 06 Civ. 3428 (S.D.N.Y. Sept. 29, 2006) (order denying vacatur of maritime attachment); *Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979 (S.D.N.Y. Aug. 15, 2006) (order vacating attachment). And one court has suggested, without so holding, that *Aqua Stoli* commands application of the prima facie standard. *See Fesco Ocean Mgmt. Ltd. v. High Seas Shipping Ltd.*, No. 06 Civ. 1055, 2007 WL 766115, at *2 (S.D.N.Y. Mar. 12, 2007). Only one court has favored the reasonable grounds standard. *See Wajilam Exps. (Sing.) Pte. Ltd. v. ATL Shipping Ltd.*, No. 05 Civ. 7955, 2006 WL 3019558, at *3

n.5 (S.D.N.Y. Oct. 23, 2006).  For there to be a "substantial ground for difference of opinion"

under the law, 28 U.S.C. § 1292(b), "there must be 'substantial doubt' that the district court's

order was correct."  *N.F.L. Ins. Ltd. v. B&B Holdings, Inc.*, No. 91 Civ. 8580, 1993 WL 255101,

at *2 (S.D.N.Y. July 1, 1993) (quoting S. Rep. No. 85-2434, at 3 (1958), *reprinted in* 1958

U.S.C.C.A.N. 5255, 5257).  Although Nirma has cited to a split among the courts of this District

on this issue, it is on the wrong side of the divide.  Nirma has not persuaded the Court that its

Order was incorrect.  Nirma merely raises for a second time the same arguments this Court, and a

number of other courts in this District, have already rejected.  *See SPL Shipping Ltd.*, 2007 WL

831810, at *3 (listing cases).

The third prong of the analysis asks whether interlocutory review of this Court's Order

would "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "An

immediate appeal is considered to advance the ultimate termination of the litigation if that

'appeal promises to advance the time for trial or to shorten the time required for trial.'"  *In re*

*Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (quoting 16 Charles A. Wright &

Arthur R. Miller, *Federal Practice and Procedure* § 3930 (2d ed. 1996)).  The Court finds that

an immediate appeal would not achieve those objectives.  For reasons explained above, the

reasonable grounds standard is unlikely to result in vacatur of the attachment, thus failing to

move this action towards its termination.  Furthermore, because this is an action for the posting

of security, and this case will be arbitrated in London, an immediate appeal will not advance the

time for trial or shorten the time needed for trial.

Finally, it bears repeating that immediate appeals as provided for in section 1292(b)

should be "a rare exception to the final judgment rule that generally prohibits piecemeal

appeals." *Koehler*, 101 F.3d at 865.  "[O]nly 'exceptional circumstances [will] justify a

departure from the basic policy of postponing appellate review until after the entry of a final

judgment.'"  *Klinghoffer,* 921 F.2d at 25 (quoting *Coopers*, 437 U.S. at 475) (alterations in

original).  There are no exceptional circumstances in this case that merit an immediate appeal.

Indeed, these types of cases are legion in this District.

### III.  Conclusion

For the reasons stated above, Nirma's Motion for Certification of an Immediate Appeal is

DENIED.  The Clerk of the Court is directed to terminate the Motion.

SO ORDERED.

Dated:        April 12, 2007
              New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

6

Service List:

Owen Francis Duffy, III, Esq.
Chalos, O'Connor & Duffy
366 Main Street
Port Washington, NY 11050-3120
(516) 767-3600
Fax: (516) 767-3605
*Counsel for Plaintiff*

Francis H. McNamara, Esq.
Cardillo & Corbett
29 Broadway
New York, NY 10006
(212) 344-0464
Fax: (212) 797-1212
*Counsel for Defendant Nirma Ltd.*